UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH C. STEWART,<br><br>           Plaintiff,<br><br>     v.<br><br>STANLEY L. SNIFF, et al.,<br><br>           Defendants. | CASE NO. CV 13-1153-BRO(PJW)<br><br>ORDER DISMISSING ACTION FOR<br>FAILURE TO PROSECUTE |

In June 2013, Plaintiff Elizabeth Stewart, a resident of Riverside, California, filed this civil rights action against Defendant Riverside Sheriff Stanley Sniff,[1] alleging that he violated her constitutional rights by authorizing a search of her property for methamphetamine, which led to Plaintiff ultimately being arrested for stealing a trailer deputies found on the property. (Complaint at 1-2.) In October 2013, Plaintiff sought leave to file a First Amended Complaint ("FAC"), which the Court granted. (Doc. Nos. 15, 17.)

In February 2014, Defendant Sniff filed a motion to dismiss. (Doc. No. 24.) In response, the Court issued an order, giving

---

[1] Plaintiff subsequently added Deputy Sheriffs Mendez, Franks, and Thompson as Defendants. (*See* Doc. No. 18.)

Plaintiff until March 28, 2014, to file an opposition. (Doc. No. 26.) Plaintiff failed to file one.

In April 2014, the Court issued an order to show cause why the case should not be dismissed as Plaintiff had still not filed an opposition. (Doc. No. 27.) The Court ordered Plaintiff to file an opposition no later than May 14, 2014, and warned her that, if she failed to do so, the Court might dismiss the case. Plaintiff did not respond to the order to show cause and did not file an opposition.

In August 2014, the Court issued an order, granting in part and denying in part Defendant's unopposed Motion to Dismiss the First Amended Complaint and granting Plaintiff leave to file a Second Amended Complaint no later than September 5, 2014. (Doc. No. 30.) Plaintiff never responded to that order and never filed a Second Amended Complaint.

It is well established that a district court has the authority to dismiss an action for failure to prosecute or for failure to comply with court orders. Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (noting district court has authority to dismiss for lack of prosecution to prevent undue delay in disposing of pending cases and to avoid congestion in court's calendar); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (finding district courts have authority to dismiss actions for failure to comply with any order of the court). In determining whether dismissal is appropriate, the Court considers five factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and

1  (5) the availability of less drastic sanctions.  *Ferdik*, 963 F.2d 963
2  at 1260-61.
3       Here, both the public's interest in expeditious resolution of
4  litigation and the Court's need to manage its docket weigh strongly in
5  favor of dismissal.  What is plain to the Court is that Plaintiff has
6  no interest in pursuing this action.  Despite multiple promptings, she
7  did not oppose Defendant's motion to dismiss and, when given an
8  opportunity to amend her surviving claims, did not file an amended
9  complaint.  In fact, the Court has not heard from her for eight
10 months, since January 2014.  And, during that interval, she has
11 repeatedly failed to comply with the Court's orders, despite being
12 repeatedly warned that her case could be dismissed if she failed to do
13 so.  (See Doc. Nos. 26, 27, 30.)  Her latest failure has caused this
14 litigation to come to a complete standstill.
15      The third factor--prejudice to defendants--also weighs in favor
16 of dismissal.  Defendants are expending money to defend against this
17 lawsuit, a lawsuit it is apparent Plaintiff is no longer interested in
18 pursuing.  Further, as time goes by, the witnesses' memories will
19 likely begin to fade and Defendants will be prejudiced as a result.
20      Although the fourth factor--the public policy favoring deciding
21 cases on their merits--ordinarily weighs against dismissal, it is
22 Plaintiff's responsibility to move the case at a reasonable pace.
23 *Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991).
24 Considering the extent of the delay caused by Plaintiff's failure to
25 oppose the motion to dismiss, her refusal to comply with the Court's
26 orders, and her refusal to file an amended complaint, the public
27 policy favoring resolution on the merits must cede to the other
28 important factors addressed herein.

3

    Finally, with regard to the fifth factor--availability of less drastic alternatives--this also weighs in favor of dismissal. The Court is unable to impose a lesser sanction, like monetary sanctions, because Plaintiff is indigent, as evidenced by the fact that she is proceeding IFP. And her failure to respond to the Court's orders suggests that nothing the Court can do will trigger action on her part.

    For all these reasons, the action is dismissed without prejudice for failure to prosecute. *Link*, 370 U.S. at 629-30.

    IT IS SO ORDERED.

    DATED:    October 1, 2014.

BEVERLY REID O'CONNELL  
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH  
UNITED STATES MAGISTRATE JUDGE

C:\Temp\notesD30550\Ord_dismiss.failure.prosecute.wpd